IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHAMSIDDEEN HATCHER,

    Plaintiff,

v.                                                  No. 1:17-cv-01041-JDB-egb

TAMMY FORD, *et al.*,

    Defendants.
_____

ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST
DEFENDANTS FORD, BONNER, MURPHY, AND WILLIAMS FOR FAILURE TO
PROSECUTE
_____

      The *pro se* Plaintiff, Shamsiddeen Hatcher, initiated this action on March 14, 2017, against the Defendants, Tammy Ford, Kumetrus Bonner, Erin Giles-Wooden, Keishawana Murphy, and Jennifer Williams, alleging violation of 42 U.S.C. § 1983. (Docket Entry ("D.E.") 3.) On February 2, 2018, Defendants Ford, Bonner, Murphy, and Williams (the "Movants") moved for dismissal of Hatcher's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 18.) After the Plaintiff failed to respond to the motion to dismiss within the time prescribed in the local rules of this district, the Court, on March 7, 2018, entered an order directing Hatcher to show cause within eleven days why his claims against the Movants should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). (D.E. 20.) The Plaintiff was specifically advised in the Court's order that "[f]ailure to timely respond to this directive will result in dismissal of those claims." (*Id.* at PageID 96.) The period for response to the show cause order has expired with no filing by the Plaintiff.

      Rule 41 permits a district court to dismiss an action if a plaintiff fails to prosecute or

1

comply with court orders. Fed. R. Civ. P. 41(b). While the Rule does not expressly provide for a *sua sponte* dismissal, "[i]t is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "The rule allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (per curiam). The factors relevant to a determination under Rule 41(b) include

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 427 (6th Cir. 2016) (quoting *Carpenter*, 723 F.3d at 703-04), *cert. denied sub nom. Akhtar-Zaidi v. United States*, 137 S. Ct. 2249 (2017). Even though dismissal is a "harsh sanction," "[w]hen a *pro se* plaintiff has failed to adhere to readily comprehended court deadlines of which he is well-aware, a Rule 41(b) dismissal is appropriate." *Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-4707, 2018 WL 1124133, at *6 (6th Cir. Jan. 31, 2018) (quoting *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) & *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)) (internal quotation marks omitted).

"While 'willfulness, bad faith, or fault' have often been described in . . . terms of 'a clear record of delay or contumacious conduct,' that construction has more recently been supplemented by a requirement of 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 314 (6th Cir. 2015). A party's failure to respond in the face of a warning by the court that such failure could result in dismissal of claims tips the scale in favor of dismissal on the first

2

factor. *See Daniels v. Napoleon,* Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (first factor weighed in favor of dismissal where litigant ignored warning that failure to file response would result in dismissal of his case). Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault. *See Demara v. Comm'r of Soc. Sec.*, Civ. Action No. 15-12634, 2016 WL 1604700, at *2 (E.D. Mich. Mar. 31, 2016), *report & recommendation adopted by* 2016 WL 1594423 (E.D. Mich. Apr. 21, 2016). This factor supports dismissal of claims against the Movants.

With respect to the second factor, the Movants assembled, researched, and filed a motion to dismiss on the assumption that Hatcher intended to prosecute his case against them. "[A]bandoning claims, which can occur when a litigant does not respond to a motion, causes prejudice to the opposing party in the context of a Rule 41(b) dismissal." *Crawford v. Beaumont Hosp.*, Case No. 16-cv-11461, 2017 WL 744242, at *7 (E.D. Mich. Feb. 27, 2017) (internal citation omitted), *aff'd Crawford v. Beaumont Hosp.-Wayne,* No. 17-1305, 2017 WL 4182098 (6th Cir. Sept. 12, 2017). Thus, the Movants have suffered some prejudice.

The third factor has been satisfied, as the Court clearly warned the Plaintiff in its show cause order that failure to respond thereto would result in dismissal of his claims as to the Movants. *See $506,069.09*, 664 F. App'x at 430 ("prior notice, or the lack thereof, is a key consideration when determining whether a district court abuses its discretion in dismissing [claims] pursuant to Rule 41(b)"); *see also Crawford*, 2017 WL 4182098, at *3 (third factor weighed in favor of dismissal where plaintiff failed to timely respond to a show cause order after receiving warning that failure to respond could result in Rule 41(b) dismissal). The fourth factor has also been met. Because Plaintiff appears to have abandoned his claims against the Movants, the Court sees no utility in attempting to fashion a lesser sanction with any likelihood of convincing him to move

toward a final resolution of those claims.  *See Hines v. D&S Residential Servs.*, No. 14-1266, 2015 WL 9239007, at *3 (W.D. Tenn. Dec. 17, 2015) (where plaintiff appeared to have abandoned his claim, fourth component weighed in favor of dismissal).

Because the factors to be considered by the Court under Rule 41(b) support dismissal of Plaintiff's claims against Defendants Ford, Bonner, Murphy, and Williams, they are hereby DISMISSED.  The dismissal shall be without prejudice.

IT IS SO ORDERED this 28th day of March 2018.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE