IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHAMSIDDEEN HATCHER,

    Plaintiff,

v.                                                 No. 1:17-cv-01041-JDB-egb

TAMMY FORD, *et al.*,

    Defendants.

---

ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT GILES-WOODEN
WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

---

    The *pro se* Plaintiff, Shamsiddeen Hatcher, initiated this action on March 14, 2017, against the Defendants, Tammy Ford, Kumetrus Bonner, Erin Giles-Wooden, Keishawana Murphy, and Jennifer Williams, employees of the Whiteville Correctional Facility in Whiteville, Tennessee ("WCF"), alleging violation of 42 U.S.C. § 1983. (Docket Entry ("D.E.") 3.) Summonses were issued on January 3, 2018, (D.E. 13) and service was effected at the facility as to all Defendants (D.E. 15) except for Giles-Wooden, who, according to a proof of service filed January 22, 2018, was no longer employed by WCF (D.E. 14). The docket does not reflect any subsequent attempts, successful or otherwise, to complete service on her.

    In an order entered March 28, 2018, the Court dismissed Plaintiff's claims against Ford, Bonner, Murphy, and Williams for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, leaving Giles-Wooden as the sole Defendant. (D.E. 21.) On April 11, 2018, the Court directed Hatcher to provide, within thirty days, any information he might possess concerning the current address and/or place of employment of Giles-Wooden or advise the Court

1

that he had no such information. (D.E. 22.) The Plaintiff was cautioned that "[f]ailure to timely respond to this directive will result in dismissal of his claims against this Defendant for failure to prosecute in accordance with Rule 41 of the Federal Rules of Civil Procedure." (*Id.* at PageID 102-03.) To date, no response has been filed.

Rule 41 permits a district court to dismiss an action if a plaintiff fails to prosecute or comply with court orders. Fed. R. Civ. P. 41(b). While the rule does not expressly provide for a *sua sponte* dismissal, "[i]t is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "The rule allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (per curiam); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (the rule does not abrogate the "power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

The factors relevant to a determination under Rule 41(b) include

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 427 (6th Cir. 2016) (quoting *Carpenter*, 723 F.3d at 703-04), *cert. denied sub nom. Akhtar-Zaidi v. United States*, 137 S. Ct. 2249 (2017). Even though dismissal is a "harsh sanction," "[w]hen a *pro se* plaintiff has failed to adhere to readily comprehended court deadlines of which he is well-aware, a Rule 41(b) dismissal is appropriate." *Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-

4707, 2018 WL 1124133, at *6 (6th Cir. Jan. 31, 2018) (quoting *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) & *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)) (internal quotation marks omitted).

"The plaintiff has the burden of showing that his failure to comply [with orders of the court] was due to inability, not willfulness or bad faith." *Id.* Hatcher has failed to respond to or follow the directives of this Court in this matter and has offered no excuse for such failure. There is no evidence to suggest that he did not receive the Court's orders. Accordingly, the first factor has been met. *See Marsh v. Rhodes*, No. 17-1211, 2017 WL 7833767, at *3 (6th Cir. Dec. 14, 2017) (first factor satisfied where plaintiff failed to comply with court orders and provided no excuse therefor).

With respect to the second factor, as the remaining Defendant was never served, there is no indication that she was prejudiced. The third factor has been satisfied, as the Court clearly warned the Plaintiff in its April 11, 2018, order that failure to respond thereto would result in dismissal of his claims against Giles-Wooden. *See $506,069.09*, 664 F. App'x at 430 ("prior notice, or the lack thereof, is a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)"); *see also Crawford v. Beaumont Hosp.-Wayne*, No. 17-1305, 2017 WL 4182098, at *3 (6th Cir. Sept. 12, 2017) (third factor weighed in favor of dismissal where plaintiff failed to timely respond to a show cause order after receiving warning that failure to respond could result in Rule 41(b) dismissal).

The fourth factor has also been met. Because Plaintiff appears to have abandoned his claims against this Defendant, and, indeed, in this case in general, the Court sees no utility in attempting to fashion a lesser sanction with any likelihood of convincing him to move toward a

final resolution.  *See Hines v. D&S Residential Servs.*, No. 14-1266, 2015 WL 9239007, at *3 (W.D. Tenn. Dec. 17, 2015) (where plaintiff appeared to have abandoned his claim, fourth component weighed in favor of dismissal).

As the factors to be considered by the Court under Rule 41(b) weigh in favor of dismissal of Plaintiff's claims against Defendant Giles-Wooden, they are hereby DISMISSED.  The dismissal shall be without prejudice.   Judgment will be entered and this matter will be closed.

IT IS SO ORDERED this 12th day of June 2018.

                                       s/ J. DANIEL BREEN
                                       UNITED STATES DISTRICT JUDGE